CHARLES GORNBEIN, Respondent, *v.* THE BOSTON INSUR-
ANCE COMPANY, Appellant.

*Gornbein* v. *Boston Ins. Co.*, 183 App. Div. 920, affirmed.

(Argued March 4, 1920; decided March 19, 1920.)

APPEAL from a judgment of the Appellate Division of
the Supreme Court in the fourth judicial department,
entered April 13, 1918, affirming a judgment in favor of
plaintiff entered upon a verdict in an action to recover
upon a policy of fire insurance covering certain tobacco.
The question was as to the value of the tobacco destroyed.

*Vernon Cole* for appellant.

*C. S. Orton* and *Hiram R. Wood* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CHASE, HOGAN, CARDOZO,
McLAUGHLIN, CRANE and ELKUS, JJ.

---

EMERSON PHONOGRAPH COMPANY, INCORPORATED, Appel-
lant, *v.* HENRY WATERSON, Respondent.

*Emerson Phonograph Co., Inc.*, v. *Waterson*, 183 App. Div. 386,
affirmed.

(Argued March 5, 1920; decided March 19, 1920.)

APPEAL from a judgment entered June 4, 1918, upon an
order of the Appellate Division of the Supreme Court in
the first judicial department, reversing a judgment in
favor of plaintiff entered upon a verdict and directing a
dismissal of the complaint, which alleged an oral contract
between plaintiff's assignor, Emerson, and the defendant
under the terms whereof the defendant agreed that in
the event that said Emerson should assist the defendant
in procuring a contract to be entered into between the
defendant and the American Graphophone Company, a
corporation, for the exclusive selling agency of so-called
" Little Wonder " phonograph records, the defendant
would pay to said Emerson one-half of the net profits in
any manner resulting to the defendant from or by reason
of said contract, whether from the sale of said " Little
Wonder " records, or otherwise, the defendant to pay

royalties not to exceed one-half cent per record in connection therewith. The complaint further alleged that Emerson did assist the defendant to procure the contract with the Graphophone Company; that between the date of said contract and the date of the commencement of this action the defendant had realized net profits in the sum of $200,000; that Emerson had assigned his interest to the plaintiff; that Emerson had performed on his part; that the defendant had failed and refused to pay over to the plaintiff its share of the profits, with the exception of $1,750, and that the plaintiff was entitled to judgment in the sum of $100,000. The answer consisted of a general denial. The Appellate Division held that no valid, definite or mutual contract had been established.

*Walter Carroll Low* for appellant.

*Charles H. Tuttle, Thomas F. MacMahon* and *Jacob J. Schwebel,* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CHASE, HOGAN, CARDOZO, McLAUGHLIN, CRANE and ELKUS, JJ.